GEORGE MILAGE, Respondent, v. CHARLES E. WOODWARD, Appellant.

BREACH OF CONTRACT EMPLOYING CANAL BOAT FOR FIXED PERIOD — WHEN OWNER OF BOAT ENTITLED TO RECOVER FULL AMOUNT NAMED IN CONTRACT — BURDEN OF PROOF. Where it was provided by a written contract between a contractor and a boatman that the latter should furnish a canal boat with its crew, horses and necessary equipment for the purpose of drawing sand from one port to another for a period of four weeks at a specified sum per week, and the contractor, after the boatman had entered into the performance of the contract and had been engaged eight days in drawing sand, terminated the contract by a notice in writing upon the ground that the boatman had not complied with an oral agreement alleged to have been made before the execution of the written contract by which the boatman was to draw a certain amount of sand in a boatload and tendered the amount due up to that time, and the boatman, after notifying the contractor that the boat and crew would be held at his command during the time called for by the contract, waited until the expiration of that time and then brought an action for the full amount named therein, the plaintiff is not precluded from recovering the amount claimed upon the ground that he was entitled only to the amount earned at the time the contract was terminated because he admitted upon cross-examination that he had made no attempt to obtain work during the remainder of the contract period, where he also testified that the boat was moored in a public place where any one who desired to secure the transportation of goods on the canal would be likely to go; the plaintiff was not bound to show affirmatively that employment was sought for and could not be found; the burden of proof rested upon the defendant to show that the plaintiff had found or could have found employment elsewhere.

*Milage* v. *Woodward*, 105 App. Div. 627, affirmed.

(Argued October 11, 1906; decided October 23, 1906.)

APPEAL from a judgment entered June 5, 1905, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed an order of Special Term granting a motion for a new trial after a verdict in favor of plaintiff and denied such motion.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Richard E. White* for appellant. It being conceded by the plaintiff in his own testimony that he did not attempt to

get any work after his discharge, he cannot recover damages for such discharge. (*Shannon* v. *Comstock*, 21 Wend. 462; *Huntington* v. *O. & L. C. R. R. Co.*, 33 How. Pr. 419; *Howard* v. *Daly*, 61 N. Y. 370; *Polk* v. *Daly*, 14 Abb. Pr. 160; *Ruland* v. *W. W. Co.*, 52 App. Div. 281; *Johnson* v. *Meeker*, 96 N. Y. 96; *Fuchs* v. *Koerner*, 107 N. Y. 530.)

*W. A. Matson* for respondent. The uncontradicted facts in the case, the entire testimony given upon the question of mitigation of damages, and all the facts and circumstances in the case, considered together, clearly show that plaintiff used reasonable diligence in mitigating the damage done him by defendant. (*Schneps* v. *Sturn*, 25 Misc. Rep. 168; *Crawford* v. *M. & E. P. Co.*, 22 App. Div. 54.) Even if plaintiff wholly failed to perform his duty to seek work, defendant must show affirmatively that similar work might have been obtained before he was entitled to any offset by way of mitigation of damages. (*King* v. *Steiren*, 44 Penn. St. 102; *Bank of Montgomery* v. *Reese*, 2 Casey, 146; *Wilkinson* v. *Feree*, 12 Harris, 190; *Howard* v. *Daly*, 61 N. Y. 371; *Merrill* v. *Blanchard*, 7 App. Div. 167; *Hamilton* v. *McPherson*, 28 N. Y. 77; *Griffin* v. *B. B. Club*, 68 App. Div. 576.)

EDWARD T. BARTLETT, J. It is to be remarked at the outset that this is not an action on contract for wages, or for a specified sum due under a written agreement. The plaintiff seeks in this action to recover damages for breach of contract. The complaint specifically alleges "that by reason of the wrongful and unlawful discharge of plaintiff by defendant the plaintiff sustained damage in the sum of $240.00, no part of which has been paid."

"A servant wrongfully discharged has but two remedies growing out of the wrongful act: (1) He may treat the contract of hiring as continuing though broken by the master, and may recover damages for the breach. (2) He may rescind the contract, in which case he could sue on a *quantum*

*meruit* for services actually rendered., These remedies are independent of, and additional to his right to sue for wages for sums actually earned and due by the terms of the contract." (*Howard* v. *Daly*, 61 N. Y. 362 at bottom of p. 369 and top of p. 370.) The plaintiff by bringing this action has elected to avail himself of the first remedy above stated.

The law applicable to the present case is very thoroughly reviewed in *Howard* v. *Daly* (*supra*), Commissioner DWIGHT writing a learned opinion.

In *Moody* v. *Leverich* (4 Daly, 401) the late Chief Justice CHARLES P. DALY wrote an opinion, reviewing the authorities, in a case where it was held that a servant wrongfully dismissed by his master is restricted either to an action to recover for the services actually rendered or to a general action for damages for the breach of the contract, in which he may recover any amount due for services and also compensation for damages sustained by the further breach of the contract in wrongfully dismissing him.

In *Heim* v. *Wolf* (1 E. D. Smith, 73) Judge WOODRUFF thus lays down the general rule : " Where an employer discharges a person from his employ he may wait until his wages become due and then recover them, but that rule is to be taken with restrictions. He recovers not for services rendered, but damages for breaking the contract by discharging him before the termination of his agreement — that is, for refusing to employ and pay him according to the contract. If it appears that he was idle and could not obtain other employment, his damages would be the whole compensation agreed upon, but if he obtains employment then he is entitled only to a partial recovery."

It appears that the plaintiff was a resident of the city of Rochester and the owner of a canal boat and three horses, the crew consisting of himself as captain and a driver ; the plaintiff as captain of the boat supervised the work in which the outfit was employed.

On the 27th of July, 1903, the plaintiff and defendant entered into a contract in writing, whereby it was agreed in

substance that the plaintiff was to furnish the canal boat, with its crew, three horses and all necessary equipment, to the defendant for the purpose of boating sand from the property of the defendant near Cartersville on the Erie canal to the city of Rochester. The defendant agreed to pay for the use of said boat, crew and equipment sixty dollars a week of six days, or if work was performed seven days per week the sum of sixty-three dollars. The term of the contract was fixed at four weeks beginning July 28th, 1903.

The defendant in his answer set up that there was an additional agreement, which on the trial was stated to be oral, to the effect that it was agreed on the part of the plaintiff that the loads of sand to be placed upon the boat should sink her in the water to the six-foot line and that the boat should be so loaded in order to constitute a boat load.

It is sufficient to say as to the alleged oral agreement that the defendant testified that during a conversation prior to the signing of the written contract he said to the plaintiff that he supposed he could load to the six-foot line, and the latter replied, " You can put on what you have a mind to, but my advice is not to put more in on one day than you can take off in the next." The defendant reiterated in his testimony that the conversation took place during the negotiations just prior to the signing of the written instrument.

It, therefore, follows under the familiar rule of law that all previous negotiations are merged in the written instrument and that the writing between the parties represents the entire contract. The course of the trial renders this point of little importance, as the attention of the learned trial judge was not called to the same, and he submitted the question to the jury as to whether the oral contract was made in addition to the written one, and the verdict being for the plaintiff it must be assumed that the jury found that no such contract was made, or, if made, it had not been violated for reasons that will presently appear.

The plaintiff, in pursuance of the contract, was engaged for a period of eight days in drawing sand for the defendant from

Cartersville to the city of Rochester, some three loads in all, when he received a letter from the defendant, dated August 5th, 1903, reading as follows: "As you have refused to draw the amount of sand to a load that I am entitled to, and in addition to that have signified your willingness for me to get some one else to do my boating, I have decided to terminate the contract entered into with you. You can get the $80.00 due you by calling at my office." ·

On August 8th the counsel for plaintiff addressed a communication to the defendant, containing, among other things, the following: "The boat and crew are at your command, as you know, during the time called for in the contract, and at the expiration of that time we will ask you to pay the amount of the contract in behalf of Mr. Milage (plaintiff). If, in the meantime, you have any proposition of compromise so that the boat can be released and go to work, you can submit them to Mr. Milage, who will be with the boat, subject to your consent. Otherwise the boat is yours pursuant to the contract, and Mr. Milage will insist upon the contract price."

On August 14th the defendant replied to this last communication as follows: "Your favor regarding the George W. Milage matter came duly to hand. Have been out of town, or would have given your letter attention before. I can only say that I discharged Captain Milage for cause which I then considered and still consider sufficient."

The record clearly discloses that the only cause of difference between the parties was plaintiff's failure to load his boat with the sand in question to the six-foot line. As we have before pointed out, the plaintiff was under no obligation, by the terms of the written contract, to load his boat to the six-foot line; but, assuming that he was so obligated, there was a sharp conflict of evidence as to the reason for his failure to do so. The plaintiff testified that there was not a sufficient depth of water at the defendant's dock to permit loading to the six-foot line; that the effect of so doing would be to put the boat aground. This statement was controverted by defendant's foreman. As the jury found for the full amount

1906.]        Milage *v.* Woodward.        257·

N. Y. Rep.]    Opinion of the Court, per Edward T. Bartlett, J.

of damages claimed, it must be assumed that they also reached the conclusion that there was no sufficient ground for the defendant to terminate the contract.

This leaves the main question on this appeal to be considered. It is contended by the defendant that the plaintiff rested under the obligation, after his discharge, to make a reasonable effort to secure employment elsewhere in order to reduce the amount of damages he might sustain by reason of the termination of the contract; and having failed to do so the recovery of any sum, in addition to the sum of eighty dollars admitted to be due for services actually rendered, constituted legal error. This seems to have been the view of the learned trial judge, as he granted defendant's motion for a new trial unless the plaintiff consented to reduce his recovery to the sum of eighty dollars. The Appellate Division rendered judgment for damages in the full amount called for by contract, two hundred and forty dollars.

The contract in this case is not one for personal services exclusively, as was the fact in many of the authorities cited, but was an agreement for the personal services of the plaintiff as captain, together with the use of his boat and driver in a special business of transporting property on the Erie canal. It is doubtless the law that the obligation of a plaintiff to reasonably reduce, if possible, the damages a defendant may suffer by reason of breach of contract is not alone applicable to contracts of service. (*Emmens* v. *Elderton*, 4 H. L. Cas. 646; *Costigan* v. *Mohawk & H. R. R. Co.*, 2 Denio, 609; *Dillon* v. *Anderson*, 43 N. Y. 231; *Hamilton* v. *McPherson*, 28 N. Y. 76.)

In an action to recover damages for breach of contract, *prima facie* the plaintiff is damaged to the extent of the amount stipulated to be paid. (*Howard* v. *Daly*, 61 N. Y. 362, 371.) At the page last cited this court said : " The burden of proof is on the defendant to show either that the plaintiff has found employment elsewhere or that other and similar employment has been offered and declined, or at least that such employment might have been found. I do not

17

think that the plaintiff is bound to show affirmatively, as a part of her case, that such employment was sought for and could not be found. (2 Greenleaf on Evidence, § 261a; *Costigan* v. *M. & H. R. R. Co.*, 2 Denio, 609.)"

The appellant insists that he was relieved from assuming this burden of proof for the reason that the plaintiff admitted when on the witness stand that he had made no effort to obtain employment. It is true that on cross-examination the plaintiff was asked if he made an attempt to get work and he replied, "No, sir." The plaintiff, however, is entitled to the effect of his entire examination, direct and cross. It seems that he not only notified the defendant that during the balance of the four weeks of employment — a period of twenty days only — he would hold the boat ready to perform the contract, but that she was moored in a public place or basin in the city of Rochester, where any one desiring to secure the employment of a captain and his boat would naturally apply. The plaintiff testified: "My boat was on the canal and my horses and everything was there, and no work was offered to me in any way; there was no chance to do anything. I took care of my horses and attended to my boat, and stayed there in readiness for the man if he wanted the boat to go on. * * * I stayed there in Rochester with my boat all the time. I did not see anything at that time anywheres where I could do any work."

The circumstances of this case are somewhat peculiar; the total period of employment was for only four weeks; the plaintiff had worked eight days under the contract, leaving only a balance of twenty days to complete performance; his business was that of a boatman on the canal, and it was more difficult for him to secure additional employment than would be the case of an ordinary clerk or employee. The fact that the boat was moored at a public place in the city of Rochester, where it would be natural for any one to go who desired to secure transportation of goods on the canal, is sufficient. It certainly cannot be successfully asserted that the plaintiff, in view of these facts, admitted that he made no effort to secure

employment. It was no part of his affirmative case to go further.

Upon breach by an employer of a contract of employment, by a discharge of the employee before the expiration of his term of service, the latter is only bound to use reasonable diligence to procure other employment of the same kind in order to relieve the employer as much as possible from loss consequent upon the breach; he is not bound to look for or accept occupation of another kind. (*Fuchs* v. *Koerner*, 107 N. Y. 529.) It is clear that the defendant did not sustain the burden of proof resting upon him to show that the plaintiff had found or could have found employment elsewhere.

It follows that the defendant was guilty of a breach of the written contract between himself and the plaintiff, and that the latter having elected to sue for the resulting damages was entitled to recover, as such, the amount stipulated to be paid him thereunder.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN and CHASE, JJ., concur; GRAY, J., absent; HISCOCK, J., not sitting.

Judgment affirmed.