## ALTES v. BLUMENTHAL.

(Supreme Court, Appellate Term. December 16, 1908.)

1. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS—CONCLUSIVENESS.

A finding on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. MASTER AND SERVANT (§ 40*)—CONTRACT OF EMPLOYMENT—BREACH BY EMPLOYER—ABILITY TO OBTAIN OTHER EMPLOYMENT—BURDEN OF PROOF.

The burden is on an employer who has broken a contract of employment to show, when sued for damages, that similar employment could have been obtained by reasonable effort, and that it was refused, or reasonable effort to procure it was neglected.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

---

Action by Max Altes against Jacob Blumenthal. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Freyer, Hyman & Jarmulowsky (Adolph Frayer, of counsel), for appellant.

Robert Loudon, for respondent.

GIEGERICH, J. The action was brought to recover damages for the alleged wrongful discharge of the plaintiff from the defendant's employment, and to recover a certain sum which had been retained out of the plaintiff's salary for several weeks prior to his dismissal as a guaranty of complete performance on his part; the employment having been for a definite term. It was conceded by the defendant that, if the dismissal was wrongful, the plaintiff was entitled to recover this sum as well as damages for the breach of the contract. The defendant claimed that the plaintiff had violated the terms of the contract of employment in essential particulars, and that his dismissal was therefore rightful. The evidence on this point was conflicting, and, as the trial judge gave judgment for the plaintiff for the full amount claimed, he must have found in his favor on the facts, and we see no reason for disturbing his conclusion.

The appellant contends that the testimony shows that the plaintiff did not use sufficient diligence to procure other employment; but the testimony shows that the plaintiff did make considerable effort to find such employment, and the trial judge evidently considered that reasonable efforts were made in that direction. We cannot say as a matter of law that the efforts testified to by the plaintiff were insufficient; nor do we think as a matter of fact that they were so. Where a breach of contract by the employer is established, the burden is upon the defendant to show that similar employment could have been obtained by reasonable effort, and that it was either refused or reasonable effort to procure it neglected. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873. The trial judge evidently found the other way, and we think the evidence justified his conclusions.

The judgment should therefore be affirmed, with costs. All concur.