PEYTON R. McCARGO, Respondent, v. ANDREW JERGENS et al., Appellants.

Pleading — action for services after wrongful discharge — withdrawal of demurrer with leave to answer — effect thereof — erroneous verdict for payment not due at time action was commenced — subsequent action for such payment when due — when such action must be dismissed.

1. The fact that a defendant demurs to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action does not, where such demurrer is withdrawn and leave to answer is given, preclude the defendant from setting up any facts which he might originally have set up by way of answer. The demurrer in such a case forms no part of the record and the defendant may raise any objection to the maintenance of the action that he does not waive by answering.

2. If a servant be wrongfully discharged he has no action for wages except for past services rendered and for sums of money that have become due. As far as any other claim on the contract is concerned he must sue for the injury he has sustained by his discharge in not being allowed to serve and earn the wages agreed upon.

3. Plaintiff and defendants entered into an agreement under which plaintiff was to make a certain transfer and releases and resign as an officer of a corporation, which was done. In consideration therefor plaintiff was to receive certain cash payments at that time and in the future and was to be continued in the employment of the corporation therein named for five years at a salary fixed therein. Before the expiration of that time he was discharged, as is alleged, by the procurement of defendants. Thereafter he brought an action upon the agreement and had a verdict. Under defendants' objection the jury was allowed to find for plaintiff for a so-called deferred payment, being a sum which was payable under the agreement at a date later than the com-

mencement of the action. On appeal it was stipulated that the plaintiff deduct that sum with interest thereon from the judgment, and on that stipulation the judgment was affirmed by the Appellate Division. Appeal therefrom to the Court of Appeals was denied on the ground that the action was one for services and was not appealable. This action was commenced, after the date named in the agreement as the time when it was to come due, to recover such deferred payment and interest thereon, being the amount deducted upon stipulation in the former action. *Held, first*, that defendants are not estopped by their objection to plaintiff's recovery in the first action from insisting that he was required to allege and recover all his damages therein; *second*, plaintiff's cause of action for breach of contract was a single cause of action, and included, or should have included, the so-called deferred payments as a part of the agreed compensation for his services. It is an indivisible action and one recovery is a bar to any further action for damages.

*McCargo* v. *Jergens*, 149 App. Div. 537, reversed.

(Argued October 1, 1912; decided October 29, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1912, affirming a judgment in favor of plaintiff entered upon an order of Special Term granting a motion for judgment on the pleadings pursuant to the provisions of section 547 of the Code of Civil Procedure.

The facts shown by the pleadings, so far as material, are stated in the opinion.

*George W. Schurman* for appellants. The decision upon the abandoned demurrer is not conclusive in this case as to the sufficiency of the complaint. (*Brown* v. *Saratoga R. R. Co.*, 18 N. Y. 495; *McCullough* v. *Pence*, 85 Hun, 271; *F. C. G. & El. Co.* v. *H. R. Tel. Co.*, 130 App. Div. 343; *Wheelock* v. *Lee*, 74 N. Y. 495.) The contract in question is, as appears upon its face, an entire contract, and the judgment awarding damages to the plaintiff for the breach thereof in the former action is a complete bar in this action, and the decision of this court in the former action is conclusive upon this question.

(*McCargo* v. *Jergens,* 198 N. Y. 551; *Howard* v. *Daly,* 61 N. Y. 362; *Weed* v. *Burt,* 78 N. Y. 191; *Perry* v. *Dickerson,* 85 N. Y. 345; *Landsberg* v. *Lewis,* 22 Abb. [N. C.] 277; *Everson* v. *Powers,* 89 N. Y. 527; *Solomon* v. *Vallette,* 152 N. Y. 147; *Davis* v. *Dodge,* 126 App. Div. 469; *Colburn* v. *Woodworth,* 31 Barb. 381.) The defendants are not estopped to rely upon the former judgment as a bar. (*Chauvet* v. *Ives,* 104 App. Div. 303; 185 N. Y. 587; *Landsberg* v. *Lewis,* 22 Abb. [N. C.] 277; *Colburn* v. *Woodworth,* 31 Barb. 381; *N. B. Bank* v. *Hitch,* 29 Abb. [N. C.] 400.) The complaint fails to state a cause of action, and the answer is sufficient in law. (*N. Y. & N. H. Sprinkler Co.* v. *Andrews,* 38 App. Div. 56.) The plaintiff is himself estopped from maintaining this action. (*Mills* v. *Hoffman,* 92 N. Y. 181; *Erickson* v. *Quinn,* 3 Hun, 549; *Matter of Skinner,* 106 App. Div. 217; *Banks* v. *American Tract Society,* 4 Sandf. Ch. 438; *Middleworth* v. *Blackwell,* 85 App. Div. 613; *Davis* v. *Wakelee,* 156 U. S. 680; *Lorillard* v. *Clyde,* 122 N. Y. 41.)

*Eliphalet W. Tyler, William J. Barr* and *Samuel E. A. Stern* for respondent. The complaint states a good cause of action and any objections to it whether taken by demurrer or answer are untenable. (*Benecke* v. *Haebler,* 38 App. Div. 344; *Burtis* v. *Thompson,* 42 N. Y. 246; *Jex* v. *Jacob,* 19 Hun, 105; *Beach* v. *Crain,* 2 N. Y. 86; *McCleary* v. *Malcolm Brewing Co.,* 56 App. Div. 531; *Perry* v. *Dickerson,* 85 N. Y. 345; *Kennedy* v. *City of New York,* 196 N. Y. 19.) The defendants having failed to appeal from the order overruling the demurrer and from the interlocutory judgment entered thereon, and having failed to specify in their notice of appeal that they intended to review that decision upon their appeal from the present judgment, are precluded from maintaining that the complaint does not state facts sufficient to constitute a cause of action. (*Brown* v. *S. R. R. Co.,*

18 N. Y. 495; *Wheelock* v. *Lee*, 74 N. Y. 475; *F. C. G. & E. Co.* v. *H. R. Tel. Co.*, 130 App. Div. 343; *Irvine* v. *Forbes*, 11 Barb. 587; *Harper* v. *Leal*, 10 How. Pr. 276; *Hayes* v. *Kedzie*, 11 Hun, 577.) Appellants are estopped from taking the position that the contract is indivisible. (*Erickson* v. *Quinn*, 3 Hun, 549; *Matter of Skinner*, 106 App. Div. 217; *Mills* v. *Hoffman*, 92 N. Y. 182; *Middleworth* v. *Blackwell*, 85 App. Div. 613; *Lorillard* v. *Clyde*, 122 N. Y. 41.)

CHASE, J. On January 16, 1904, the parties entered into a written agreement by which the plaintiff agreed:

1. To transfer to defendants all his rights, interest and title in one share of stock of the Woodbury Dermatological Institute of New York, which said stock was at that time held by John H. Woodbury as trustee, said transfer to be subject to a trust agreement specified.

2. To release the Andrew Jergens Company from all contracts entered into prior to the date of the agreement.

3. To release all claim to a contract wherein the Andrew Jergens Company agreed to pay plaintiff all dividends on twenty shares of stock of the institute for a period of eight years from January 13, 1902.

4. To resign as a director and president of said institute on the written request of the defendants at any time during the continuance of the agreement.

In consideration of the acts to be performed by the plaintiff the defendants agreed:

1. Upon the execution of the agreement to pay plaintiff $5,000 in cash.

2. To pay him $1,000 January 18, 1907, $2,000 January 18, 1908, and $2,000 January 18, 1909, with interest from the date of the agreement at the rate of five per cent per annum, payable annually.

3. To obtain and continue the employment of plaintiff as manager of said institute for five years commencing January 1, 1904, at a salary of $5,000 for the first year and $6,000 per year for the next four years.

The agreement also provided: "In the event of the death of said P. R. McCargo or the termination of said employment for his fault then the said, three, four and five year payments, above provided for, so far as the same have not become due and payable shall become null and void, but otherwise said payments shall be made when due.

"It is expressly agreed by all the parties hereto that in the event of said corporation ceasing to continue and carry on business, then, in that event, all right to salary and to payments under this contract to end and this contract shall become null and void."

The agreement also provided: "Said P. R. McCargo agrees that he will devote his entire time and his best efforts in the performance of the duties imposed on him under such employment."

The plaintiff transferred his interest in one share of stock and gave the releases as by the agreement provided. He also resigned as a director and president of said institute on the request of the defendants. The defendants paid plaintiff $5,000 upon the execution of the agreement and obtained and continued his employment as manager of said institute as provided by said agreement to December 3, 1904, and the plaintiff received from said institute $5,000 as his salary as such manager to and including January 1, 1905. In the month of December, 1904, the plaintiff was discharged by said institute from its employ. On March 9, 1907, he commenced an action against the defendants herein, and in his complaint alleged the facts above stated, and the further facts that he had performed all of the conditions of said agreement on his part save as he was prevented from performing them by reason of his discharge without his fault; that his discharge was with the knowledge, consent, acquiescence, connivance and procurement of the defendants, and that by reason of the failure of the defendants to continue his employment by said institute he had suffered damage in the sum of $24,000. He further alleged that there

became due and payable to him pursuant to the terms of the agreement $250 January 18, 1905 (interest one year on so-called deferred payments), $250 January 18, 1906, $250 January 18, 1907, $1,000 (first so-called deferred payment), January 18, 1907, and he demanded judgment for said several amounts with interest from the time when he alleged they severally became due and payable, and $24,000 without interest. The defendants answered said complaint and alleged in substance, but in great detail, that the plaintiff was discharged by said institute by reason of his own fault. The action was tried as one for breach of contract. A verdict was rendered in favor of the plaintiff of $19,451.01. When the issues in that action were submitted to the jury, the court called attention to the item of $2,000 payable by the terms of the agreement January 18, 1908. The defendants therein and in this action objected to such item being submitted to the jury on the grounds that it was not pleaded, and that it did not accrue until after the commencement of the action, and excepted to the decision of the court in declining to withdraw such item from their consideration.

On appeal to the Appellate Division the defendants urged on the same grounds stated in the trial court that such item was erroneously submitted to the consideration of the jury. The plaintiff filed a brief in that court in which he referred to the item so objected to by the defendants, and expressly stated that he consented "to the modification of the judgment by reducing it in the sum of two thousand dollars." The memorandum handed down by the Appellate Division was: "Judgment and order reversed, new trial ordered, with costs to appellants to abide the event, unless plaintiff stipulates to deduct from judgment two thousand dollars, with interest from January 1, 1908, in which event judgment as so reduced, and order affirmed, without costs." (*McCargo* v. *Jergens*, 135 App. Div. 921.) The formal stipulation was given and the judgment was reduced accordingly. An

appeal was then taken by the defendants to this court. The plaintiff thereupon made a motion in this court to dismiss the appeal upon the ground that the action involved only a contract for services, and upon the further ground that the appeal was frivolous. The motion was granted and the appeal dismissed upon the ground that the action was one for services and not appealable to this court. (*McCargo* v. *Jergens,* 198 N. Y. 551.) This action was thereupon commenced to recover two thousand dollars, with interest thereon from January 18, 1908, being one of the so-called deferred payments mentioned in the agreement, and being the same amount deducted from said first judgment, pursuant to the stipulation of the plaintiff given both before and after the memorandum decision of the Appellate Division. The defendants served a demurrer upon the ground that the complaint did not set forth facts sufficient to constitute a cause of action. The demurrer was overruled, with leave to the defendants to withdraw the demurrer and serve an answer upon payment of costs. The demurrer was withdrawn and the answer was served. Judgment was rendered in favor of the plaintiff upon the pleadings.

The underlying and important question for consideration on this appeal is whether the payments required by the agreement after the day of its execution, other than salary to be paid by the institute, were independent of the services or in part consideration therefor. The claim of the defendants is that the plaintiff's cause of action for breach of contract was a single cause of action, and included; or should have included, the so-called deferred payments as a part of the agreed compensation for his services.

Before discussing that question it is necessary to consider two objections urged by the plaintiff against the contention of the defendants. First, he asserts that the defendants have failed to appeal from the interlocutory judgment overruling the demurrer to the complaint by specifying the

24

same in their notice of appeal as provided by sections 1301 and 1316 of the Code of Civil Procedure, and are now precluded from maintaining that the complaint does not state facts sufficient to constitute a cause of action.

The fact that a defendant demurs to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action does not, where such demurrer is withdrawn and leave to answer is given, preclude the defendant from setting up any facts which he might originally have set up by way of answer. (*Wheelock* v. *Lee*, 74 N. Y. 495, 499; *Brown* v. *Saratoga Railroad Co.*, 18 N. Y. 495; *McCullough* v. *Pence*, 85 Hun, 271; *Smith* v. *Britton*, 2 T. & C. 498.) The demurrer in such a case forms no part of the record and the defendant may raise any objection to the maintenance of the action, that he does not waive, by answering. The question whether the facts stated in the pleadings sustain the recovery is before this court for consideration.

The second objection to the defendants' contention is that they are estopped from objecting to the plaintiff's recovery by reason of the objections made by them in the first action to the jury's considering the payment alleged to be then due, pursuant to the agreement, and also to their similar objections to the judgment in that action on the appeal therefrom to the Appellate Division. The parties have each taken somewhat contradictory positions in connection with said agreement. Such contradictions are shown in the history of the litigation that we have already given. The plaintiff in the first action alleged in form but a single cause of action. He did not specifically allege as items of damage or otherwise any of the so-called deferred payments which were not due by the terms of the agreement when the action was brought, although he did allege and sought to recover the so-called deferred payment of 1907 and the interest on the so-called deferred payments, and omitted to allege and did not seek to recover the so-called deferred payments of 1908 and 1909.

The court could have limited the recovery to the items of damage alleged in the complaint.

The defendants are not estopped from insisting that the plaintiff was required to allege and recover all of his damages in one action because they objected to a recovery in the first action of items of damage not alleged in the complaint, even though they included in their objections and as a ground thereof that the $2,000, payable January 18, 1908, was not due when the action was commenced. The conclusion that the defendants are not estopped by their said objections to a recovery of said $2,000 in the first action is strengthened by the fact that they failed to obtain a ruling in their favor in the trial court, and by the further fact that the reduction of the judgment in the Appellate Division was on the consent and stipulation of the plaintiff given both before the formal decision of the court was handed down and thereafter when the judgment upon the decision was entered. Such conclusion is also strengthened by the fact that the plaintiff succeeded in preventing a hearing on the merits in this court in the appeal from the affirmance by the Appellate Division of the judgment in the first action by contending that the first action was for services only.

We return to the underlying question as to the meaning of the agreement. That question is presented by the appeal herein. The only payment required by the agreement without condition was the $5,000 paid upon the execution of the agreement. If the alleged deferred payments were in consideration of the acts required to be done under the agreement, other than the devotion by the plaintiff of his entire time and ability to the general management of the institute, they would have been payable absolutely and would not have been dependent upon his continuance in such employment. Such payments were contingent not only upon the plaintiff's continuance in the employment of the institute without being discharged for his fault, but also upon such employment

continuing possible, by his remaining alive and the continued existence of the institute. The contingent events were in no way connected with the transfer of stock or the releases to be given by the terms of the agreement. The defendants were interested in the institute, and although the employment was not directly by the defendants, it was confessedly for their benefit. Under the agreement the defendants were to pay the amounts specified as so-called deferred payments, but as such payments were only to be made in case the continuance of the services were possible and such services were actually rendered, the payments were necessarily in whole or in part compensation for services. The possible release of defendants from all obligation to pay the so-called deferred payments as provided by the agreement is only consistent with holding that the parties intended that the performance by the plaintiff of the services was the consideration therefor. So it was held by this court upon the motion of the plaintiff when the appeal from the former judgment was dismissed.

If a servant be wrongfully discharged he has no action for wages except for past services rendered and for sums of money that have become due. As far as any other claim on the contract is concerned he must sue for the injury he has sustained by his discharge in not being allowed to serve and earn the wages agreed upon. (*Howard* v. *Daly*, 61 N. Y. 362, 369.) The plaintiff cannot recover as compensation for services the amounts payable by the agreement in any case unless the services therein provided are performed. An action for wrongful discharge may include every element of damage arising from the discharge. It is an indivisible action and one recovery is a bar to any further action for damages.

The judgment should be reversed and a new trial granted. with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.