### CASSAR v. INGRAM–HATCH MOTOR CORP.

(Supreme Court, Appellate Term, First Department.   January 7, 1916.)

1. WITNESSES ⊂⟹268—CROSS-EXAMINATION—SCOPE.

In an action by a canvasser to recover for wages due under a contract of employment, where the defense was partly that plaintiff had been discharged for failing to obey reasonable orders, and there was evidence that plaintiff had worked for others while so employed in violation of his agreement to give his entire time to defendant, it was error to exclude the question to plaintiff on cross-examination whether he had so worked for others, where the objection was based solely on the ground that the contract did not require exclusive service from plaintiff.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. ⊂⟹268.]

2. JUDGMENT ⊂⟹725—CONSTRUCTION—IMPLIED FINDING.

A judgment for plaintiff in such action does not necessarily imply that the court found as a fact that plaintiff was not discharged, since it would be equally proper upon a finding that plaintiff was improperly discharged.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1255–1257; Dec. Dig. ⊂⟹725.]

3. MASTER AND SERVANT ⊂⟹80—EMPLOYMENT CONTRACT—THEORY OF ACTION.

Whether such a suit be regarded as for wages due or for damages for breach of contract becomes important only where recovery is sought for a period beyond the discharge and beyond the commencement of the action, as bearing on defendant's right to prove plaintiff's failure to accept other employment in reduction of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. ⊂⟹80.]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Cassar against the Ingram-Hatch Motor Corporation.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

G. H. Mallory, of New York City, for appellant.
N. Howard Pinto, of New York City, for respondent.

BIJUR, J.   The pleadings are written.   Plaintiff alleges that at the request of defendant he rendered services as canvasser and salesman between March 8, and June 8, 1915, at the agreed weekly salary of $25, of which $125 had been paid to him.   The answer, in addition to a denial of the complaint (except as to the payment of $125), sets out, first, that the contract was terminable at the end of four weeks at the option of the defendant, and that the defendant so terminated it, and, next, that while plaintiff was "pretending to render services

to defendant," he failed to obey certain reasonable orders and requests of defendant, and for that reason was discharged.

[1] On the cross-examination of the plaintiff, he was asked whether he had not endeavored to sell for others during the time of his employment with defendant. The court sustained the objection of his counsel to this question, which was placed solely on the ground that the contract did not specify that the plaintiff was to give his exclusive time to defendant's business. (There was no suggestion that the matter was not within the pleadings.) Yet the defendant's president, on his direct examination, had testified to the effect that plaintiff was to give his exclusive time, the court adding, "I will take it that he was to give his exclusive time."

[2] The respondent endeavors to sustain the judgment on the ground that it necessarily implies a finding of fact by the court below that the plaintiff was not discharged. This, however, is not correct. The learned judge may have found that, although the plaintiff was discharged, such discharge was without cause, and that therefore plaintiff was entitled to recover wages for the period during which he claims that he performed or tendered services.

[3] I do not see that anything decided in McCargo v. Jergens, 206 N. Y. 363, 99 N. E. 838, Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873, and Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285, bears upon the present controversy. The question whether plaintiff is suing strictly for wages or for damages for breach of contract, or both, becomes important when recovery is sought for a period beyond the discharge and beyond the commencement of the action. If suit be not brought until the term of service provided by the contract has elapsed, there is no doubt that if the servant has been wrongfully discharged he may recover. Whether in such case the form of action be called a suit for breach of contract or a suit for wages due under the contract is of no importance except so far as it may involve the right of the defendant to claim and prove that the amount of damage might have been reduced by the plaintiff's accepting other employment. Not only is that point not urged by the defendant in the case at bar, but this appeal is taken by the defendant, as I understand it, on the theory that no such claim is desired to be urged by it.

The only question presented upon this record that I can see is whether the plaintiff was discharged for cause, and on that point, as I have shown above, the defendant was precluded from introducing appropriate evidence.

The judgment must be reversed, and new trial granted, with $30 costs to appellant to abide the event.

FINCH, J., concurs.

LEHMAN, J. (dissenting). The complaint is for work, labor, and services rendered at the special instance and request of the defendant at the agreed weekly salary of $25 per week. The answer, among other defenses, alleges that the defendant was discharged because he neglected and refused to comply with orders and requests of the defendant. If the plaintiff was in fact discharged by the defendant and

has been paid by the defendant up to the time of the discharge, it is quite immaterial under these pleadings whether the discharge was rightful or not, for under this form of complaint the plaintiff cannot recover damages for breach of the contract, but may recover only for services actually rendered. See Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873; McCargo v. Jergens, 206 N. Y. 363, 99 N. E. 838. When the defendant attempted to prove on plaintiff's cross-examination that he had attempted to sell goods for others during the time of his employment, the court sustained the objection, stating:

"The question is, did this man—was he employed, and did he do this work for the defendant?"

Under the authorities cited above, I think this statement of the learned trial justice correctly represents the law and justified the exclusion of the questions even if the objection to them was on the wrong ground. In any event, however, and even though the complaint be regarded as sufficient to sustain a recovery either for wages or for damages, and the record be regarded as inconclusive as to whether the judgment is based upon a finding that there was no discharge or upon a finding that the discharge was justified, the questions excluded would be immaterial. The answer, as stated above, sets forth a discharge justified by a dereliction, and under that defense the defendant could not be permitted to show a discharge justified by other derelictions. Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 27 N. E. 406. The evidence excluded was therefore not admissible to show justification or for any other purpose.

Judgment should be affirmed, with costs.