## FLEISCHMAN v. STEELE.

(Supreme Court, Appellate Division, First Department.  February 11, 1916.)

JUDGMENT ☞594—RES JUDICATA.

Plaintiff was employed by defendant for a certain salary and an increased amount to be later determined on a certain date.  On that date the additional amount was agreed upon to be paid if the plaintiff was in defendant's employé upon a certain date, to which date the contract of employment was continued.  Shortly before the termination of the contract the defendant discharged plaintiff, who recovered the amount of his wages for the unexpired portion of the term of the contract.  *Held*, that the second action to recover the amount stipulated to be paid in addition to the other compensation was barred by the judgment in the first action; the judgment in the first operating as a bar to the second.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1109; Dec. Dig. ☞594.]

Appeal from Special Term, New York County.

Action by Fred G. Fleischman against Robert B. Steele.  From an order denying defendant's motion for judgment on the pleadings, he appeals.  Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

Godfrey Goldmark, of New York City, for appellant.
Franklin Bien, of New York City, for respondent.

DOWLING, J.  The complaint of the plaintiff herein sets forth that on January 29, 1912, at the city of New York he entered into an agreement with the defendant, who engaged his services as foreman of a jewelry business at a salary of $45 weekly, and with a proviso that if the plaintiff remained in the employ of the defendant up to April 1, 1913, defendant would pay plaintiff, in addition to the wages, an amount to be agreed upon between them on April 1, 1913, but that payment of such additional sum was not to be made until April 1, 1914, and then only provided plaintiff should still be in defendant's employ; that on October 1, 1912, the weekly compensation of the plaintiff was increased from $45 to $50 a week, without any modification as to the extra compensation aforesaid, and that on April 1, 1913, an account was stated between the parties, upon which there was found to be due to plaintiff from defendant the sum of $400, which was the extra compensation then agreed to be paid under the aforesaid agreement; that pursuant to said agreement said sum of $400 became due and payable to plaintiff on April 1, 1914, provided plaintiff was then still in defendant's employ; that at the same time an agreement was entered into

by which the plaintiff was to remain in defendant's employ for a further period of one year ending April 1, 1914; that—

"thereafter, and on or about March 12, 1914, being but a short time previous to the expiration of the time when said payment should be made, the defendant wrongfully and without any color of right discharged this plaintiff from his employ without assigning any reason therefor although demanded, and as this plaintiff verily believes said wrongful discharge was solely for the purpose of relieving himself of the obligation to pay the aforesaid sum of $400, and defendant further informed plaintiff that he need not again appear at the place of business of defendant, as under no circumstances would he permit him to continue until the 1st day of April, 1914."

It is then averred that plaintiff was at all times ready to perform his part of the contract, but was not permitted to do so by reason of the refusal of the defendant, and that there was due him for wages or compensation under the aforesaid agreement for the balance of the term the sum of $141.65. Plaintiff further alleges that, as defendant refused to pay the aforesaid $400 or the said sum of $141.65, an action was brought in the Supreme Court to recover both of said sums, which action came on for trial on March 22, 1915, and that upon said trial and in open court the first cause of action hereinbefore set forth for the recovery of the sum of $400 was withdrawn, and plaintiff tried the issue as to the balance of the sum due. The plaintiff annexes to his complaint a copy of the answer in such former suit showing the issues raised therein. It is further averred that:

"Said action was tried, and the jury found in favor of the plaintiff and against the defendant for his wrongful discharge, and rendered a verdict in favor of the plaintiff and against the defendant for his wrongful discharge, and rendered a verdict in favor of the plaintiff and against the defendant for the full amount claimed for the unexpired salary as aforesaid."

Plaintiff then sets forth the entry of judgment for the balance of the salary due in the sum of $150.14, as appears by the judgment roll, "and plaintiff pleads said judgment as res adjudicata on the question of the wrongful discharge of the plaintiff by the defendant before the expiration of the year aforesaid."

The demurrer is based upon the ground that the complaint does not set forth facts sufficient to constitute a cause of action.

[1] We believe that the order appealed from was erroneous, and that the defendant was entitled to judgment upon the pleadings. There was but one wrongful discharge of the plaintiff by the defendant, and that was on March 12, 1914. The damages which flowed from that discharge were not only the wages for the balance of the term of the contract, but as well the additional compensation for his services which was to have been paid to plaintiff by the defendant on April 1, 1914, if plaintiff was then still in defendant's employ. Plaintiff avers that the hiring for the additional year ending on that date was "so that the defendant could protect himself in knowing that the plaintiff would be in his employ on said date." By reason of the wrongful discharge plaintiff was not so in defendant's employ and could not be, and therefore would not become entitled to the payment of the said sum on that date. On the contrary, by reason of the defendant's wrongful discharge of him, he became entitled to recover that sum upon the date

of the discharge, for by that act, and as a necessary consequence thereof, and as part of the damage flowing therefrom, defendant prevented plaintiff from enjoying the right which he would otherwise have possessed of receiving said sum of $400 on April 1, 1914.

The action heretofore brought was not for plaintiff's services, but for the damage caused by the discharge in the loss of his earnings for the balance of the term of the contract. The plaintiff could have recovered therein as part of his damage the sum of $400 in question. As was said in McCargo v. Jergens, 206 N. Y. 363, at page 372, 99 N. E. 838, at page 841, by Judge Chase:

"If a servant be wrongfully discharged, he has no action for wages, except for past services rendered and for sums of money that have become due. As far as any other claim on the contract is concerned, he must sue for the injury he has sustained by his discharge in not being allowed to serve and earn the wages agreed upon. Howard v. Daly, 61 N. Y. 362, 369 [19 Am. Rep. 285]. The plaintiff cannot recover as compensation for services the amounts payable by the agreement in any case unless the services therein provided are performed. An action for wrongful discharge may include every element of damage arising from the discharge. It is an indivisible action, and one recovery is a bar to any further action for damages."

It follows, therefore, that the judgment for the damages recovered in the prior action, based upon the same wrongful discharge, is a bar to this action.

The order appealed from will be reversed, with $10 costs and disbursements to the appellant, and the motion for judgment on the pleadings granted, with $10 costs. All concur.