(174 App. Div. 8)

## DENNISTON v. FINNEGAN.

(Supreme Court, Appellate Division, Fourth Department.   June 15, 1916.)

MASTER AND SERVANT ☞41(3)—WRONGFUL DISCHARGE—MEASURE OF DAMAGES.

In action for wrongful discharge, damages are recoverable to the end of the contract period, although the trial occurred before that time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 51; Dec. Dig. ☞41(3).]

Appeal from Trial Term, Erie County.

Action by Edward E. Denniston against Charles A. Finnegan. From a judgment for plaintiff, and an order denying new trial, defendant appeals.   Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Franklin R. Brown, of Buffalo, for appellant.
Lyman M. Bass, of Buffalo, for respondent.

KRUSE, P. J.   The primary questions in this controversy are two: (1) A question of fact as to whether the defendant was justified in dismissing the plaintiff from his employment before the expiration of the term for which he had been hired; and (2) whether the plaintiff is entitled to recover all the damages for the entire remaining term of service, or only up to the time of the trial.

As to the first question, it is enough to say that the evidence amply sustains the finding of the jury that the discharge was wrongful.

As to the second question, the defendant contends that the plaintiff is entitled to recover only such damages as the evidence shows he sustained up to the time of the trial, and not to the end of the term for which he was hired.   The learned counsel for the appellant frankly concedes that there are decisions in the other departments to the contrary, but contends that they are at variance with the decision of the Court of Appeals in the case of Everson v. Powers, 89 N. Y. 527, 42 Am. Rep. 319.   We are of the opinion that the decision itself is not authority for the proposition, although what is said in the opinion in that case may so be understood.   The contrary has been held in the Third Department (Banta v. Banta, 84 App. Div. 138, 82 N. Y. Supp. 113), in the Second Department (Davis v. Dodge, 126 App. Div. 469, 110 N. Y. Supp. 787), and in the First Department (Cottone v. Murray's, 138 App. Div. 874, 123 N. Y. Supp. 420; Fleischman v. Steele, 171 App. Div. 336, 157 N. Y. Supp. 353); and it is also contended that we so held in Kenen v. Superior Axle & Forge Co., affirmed without opinion 149 App. Div. 935, 134 N. Y. Supp. 1136.

It is unnecessary to add anything to what has been written upon that question.   It is sufficient to say that we are in accord with the decisions in the other departments.   We hold that in an action like this, brought by an employé to recover damages against his employer for breaching the contract of employment by wrongfully discharg-

ing the employé before the end of his term of employment, the employé may recover all the damages which the evidence shows he has sustained to the end of the term, although the term of employment may not have ended at the time of the trial. An action for wrongful discharge includes every element of damage arising from the discharge. The action is indivisible, and one recovery is a bar to any further action for damages. McCargo v. Jergens, 206 N. Y. 363, 372, 99 N. E. 838.

The judgment and order should be affirmed, with costs. All concur.