In the Matter of the Arbitration of Certain Controversies between HOWARD M. PIERCE, Appellant, and BROWN BUICK COMPANY, INC., and BROWN CHEVROLET, INC., Respondents.

Second Department, March 4, 1940.

*Morris Orenstein*, for the appellant.

*Frederick B. Van Kleeck, Jr.*, for the respondents.

TAYLOR, J. Complainant in an arbitration proceeding appeals from an order staying him from proceeding with arbitration as provided in a contract of employment. The stay was granted purportedly under section 1458 of the Civil Practice Act. That section provides that where a party opposing an arbitration " sets forth evidentiary facts raising a substantial issue " as to the making of, or the failure to comply with, a contract to arbitrate future disputes or a submission to arbitration of an existing dispute, the issue thus raised is to be tried immediately, by the court or a jury as the opposing party may elect, and that the arbitration hearing shall be adjourned pending the determination of the motion. There is no authority for a stay unless the opposing party prevails on the

issue raised by the motion. Here no question was or could have been raised as to the making of or compliance with the contract to arbitrate. Concededly it was made, and two previous arbitrations had been had under it, with parties on both sides attending without objection, putting in their proofs and submitting briefs. (See *Matter of Pierce* v. *Brown Buick Co., Inc.*, 256 App. Div. 1076.) All questions of fact and law raised by respondents on this motion are determinable solely by the arbitrators. (*Matter of Wilkins*, 169 N. Y. 494, 496, 497; *Matter of Pine St. Realty Co., Inc.*, v. *Coutroulos*, 233 App. Div. 404, 407; leave to appeal denied, 258 N. Y. 609; *Matter of Wenger & Co.* v. *Propper S. H. Mills*, 239 id. 199, 202, 203; *Matter of Hines* [*Ziegfeld*], 222 App. Div. 543.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., and JOHNSTON, J., concur; CLOSE, J., with whom HAGARTY, J., concurs, dissents in opinion and votes to affirm the order.

CLOSE, J. (dissenting). I dissent and vote to affirm the order.

Subdivision 2 of section 1458 of the Civil Practice Act is applicable to the facts here. It provides that upon a motion for a stay the moving party may put in issue the reason for its failure to comply with the arbitration agreement or to submit thereto. This subdivision further provides that unless the issue is raised by a motion to stay the arbitration, " he [*i. e.*, the party entitled to move] shall thereafter be barred from putting in issue the making of the contract or *submission* or the *failure to comply therewith.*" This language quoted was added to section 1458 by chapter 573 of the Laws of 1939. The amendment was intended to and does cover just such a situation as is presented in the instant case. The evidentiary facts set forth lead to the conclusion that the agreement to arbitrate is *functus officio.*

The appellant entered into a contract of employment with the respondents, dated November 27, 1936, for a minimum term of two years. The contract contained a provision to the effect that any disagreement between the parties would be settled by arbitration. The appellant was discharged on November 6, 1937. Thereafter, on February 17, 1938, the appellant served a demand on the respondents for arbitration pursuant to the contract. The respondents submitted to the arbitration and in July, 1938, an award of $2,400 was made. This was the sum due under the contract for monthly salary from the date of discharge to the date of the award. The appellant's claim for damages was amended during the proceeding. That award was confirmed and satisfied. On July 21,

1939, the appellant again served notice of intention to arbitrate his claim for salary claimed due between July 1, 1938, and June, 1939.

It thus appears without dispute that for a single breach of a contract of employment the appellant has had one arbitration. The question is whether he can split his claim and have successive arbitrations or whether the first one is *res judicata*. If the action was at law the previous judgment would be *res judicata*. One who claims a wrongful discharge from employment has three courses open, (1) he may consider the contract as rescinded and recover on a *quantum meruit;* (2) he may wait until the end of the term and sue for the full amount, less any sum earned in the meantime; (3) he may sue at once for a breach of the contract. (*Howard* v. *Daly*, 61 N. Y. 362; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id. 205; *Banta* v. *Banta*, 84 App. Div. 138.) Here the appellant elected to bring on his arbitration at once for the breach of the contract.

At law, such an action is indivisible and one recovery is a bar to any further action for damages. (*McCargo* v. *Jergens*, 206 N. Y. 363, at p. 372.) An award in arbitration has the same effect as a judgment in an action. (3 Am. Jur., Arbitration and Award, § 130; *Ice Service Co.* v. *Phipps Estates*, 245 N. Y. 393; *Matter of Brescia Const. Co.* v. *Walart Const. Co.*, 264 id. 260.) As I read subdivision 2 of section 1458 of the Civil Practice Act, as amended, unless the defense that the agreement to arbitrate is *functus officio* is raised upon a motion to stay the arbitration, the defense is waived. By making the motion the respondents, in effect, say that there is no longer in existence any agreement to arbitrate.

The order should be affirmed.

HAGARTY, J., concurs with CLOSE, J.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.