Millard L. Midonick, J.
This motion referred to me, to reargue Motion No. 169 of April 29, 1966, in which I ordered a stay pending arbitration, is hereby granted, and upon such reargument submitted May 23, 1966, the order dated April 29, 1966 is hereby adhered to and reaffirmed.
Plaintiff brings this action on an admittedly valid contract (containing an arbitration clause), for alleged unpaid salesman’s commissions and alleged unpaid salesman’s car allowances. Defendant employer moved to stay these proceedings until arbitration can be had.
As well put in Weinstein-Korn-Miller, New York Civil Practice (vol. 8, par. 7501.20) CPLR 7501 should have spelled the demise of the “ no bona fide ” dispute rule. There the Legislature expressly commanded that “ In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass on the merits of the dispute.” But hope springs eternal in that this plaintiff, like many others, disputes whether there is a dispute. The “ answer will always be yes if the case is in court ” say the above-cited authors.
There is no doubt raised by plaintiff that the parties agreed to arbitrate, as the contract provides, “ any dispute * * * as to the interpretation or meaning of any clause of this Agreement.” But the plaintiff vigorously and adroitly urges that the dispute here is one as to performance (or nonperformance) by employer defendant, not involving any “ interpretation or meaning.”
*494 The plaintiff, relying upon the limited scope of the arbitration clause, states under oath that he agrees with every “ interpretation ” and “meaning” of the agreement which defendant asserts. It is true that the agreement to arbitrate a dispute as to the “interpretation or meaning” is not as broad as to include a dispute as to mere nonperformance (nonpayment), which plaintiff claims is the most that is shown by all the papers herein. For do we have here an arbitration clause broadly covering a dispute 11 arising out of or in connection with ’ ’ the agreement. (Matter of Exercycle Corp. (Maratta), 9 N Y 2d 329; 8 Weinstein-Korn-Miller, op. cit. supra, par. 7501.23.)
But in his reargument affidavit, the plaintiff inadvertently indicates that a dispute contracted to be arbitrated is raised. This dispute concerns the interpretation and meaning of contract schedule “ 0”. Defendant employer gave plaintiff commission salesman the promise of “$100 per month payable monthly from Standard, for automobile expense. Standard reserves the right to change or terminate at their option.” Plaintiff claims this is clear but that “ during the period of my employment, defendant did not exercise such option ’ ’ and that no notice of exercise of such option was ever ‘ ‘ delivered ’ ’ to plaintiff by defendant. There is the issue for the arbitrator’s interpretation: Did the mere cessation by defendant of payment on the agreed monthly payment basis of the $100 per month for automobile expense, by not paying same for November and December, 1965, and for January and part of February, 1966, constitute an exercise of the option and an implicit notice thereof sufficient to relieve defendant of the obligation under schedule “ O ” of the contract? Is this the proper interpretation and meaning of the agreement, or is plaintiff’s interpretation and meaning that an explicit notice of exercise of option must be communicated by defendant to plaintiff in order “ to change or terminate ” this obligation of the defendant?
Since any unpaid sales commission obligations which may be owing to plaintiff by defendant are part of the entire obligation under this agreement, adding such commissions owing to alleged unpaid automobile expense allowance, the whole cause of action must be referred to arbitration as one for complete relief in an arbitration award. It would be a mockery to permit the parties to split an obligation single and indivisible in its nature into two proceedings leaving the alleged unpaid commission features of the contract in court and the alleged unpaid automobile expense features of the same contract in arbitration. The mere circumstance that plaintiff chose to plead them as two separate causes of action in the complaint does not make *495 them separate causes of action, subject to splitting and attendant multiplicity of proceedings. (Bendernagle v. Cocks, 19 Wend. 207; cf. McCargo v. Jergens, 206 N. Y. 363; Matter of Pierce v. Brown Buick Co., 258 App. Div. 679, affd. 283 N. Y. 669; 5 Weinstein-Korn-Miller, op. cit. supra, par. 5011.15; Restatement, Judgments, § 62, comment h.) This is so at least before any harm has been done to either party by bringing separate suits for portions of damages due for alleged breach of different clauses of a single contract of employment.
If, as plaintiff contends, the defendant employer’s defenses prove frivolous, especially as to commissions allegedly unpaid which are not in dispute except as to amount due (i.e., performance) after returns or nonpayment by buyers, the arbitrator can in his discretion, as part of his award, under the Rules of the American Arbitration Association, find cause for allocating to be paid by the defendant employer, proportionately greater costs of the arbitration proceedings attributable to unpaid commissions or to the entire award, as justice may appear.
This decision is meant to discourage unwarranted preliminary litigation in the courts as to whether or not the parties intended to agree to arbitrate an issue like this one. Our courts should be spared, if justice will permit, wasteful litigation over the distinction between agreeing to arbítrate ‘ interpretation or meaning ’ ’ as against ‘ performance ’ ’ of an agreement. Otherwise arbitration agreements, instead of reducing litigation, will add arbitration to wasteful preliminary litigation.