ELIAS M. BALL and Another, Respondents, *v.* GEORGE B. STOVER and Another, Appellants.

*Verbal contract of employment — when deemed renewed for a second year.*

A verbal agreement was entered into in September, 1890, between two persons, by which the one was employed as the selling agent of the other for the period of one year from January 1, 1891, which agreement for such year was fully kept and performed by both parties, without modification thereof, or a suggestion in regard thereto by either of the parties, and the employee continued to serve the employer in the same capacity, receiving therefor the same rate of compensation, until February 25, 1892, when he was discharged without cause.

*Held,* that the contract of employment would be considered to have been renewed for the period of one year from January 1, 1892;

That the result would be the same whether the original employment was at a yearly salary or the compensation consisted of commissions;

That although the original contract of employment might not have been enforcible so long as it remained executory, yet, when fully and voluntarily performed by both of the parties thereto, its invalidity could no longer be asserted by either, and that it afforded an adequate basis upon which to predicate an inference of fact as to the intention of the parties in proceeding in accordance with its terms upon a term additional to that provided for therein.

APPEAL by the defendants, George B. Stover and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 17th day of April, 1894, upon the report of a referee, with notice of an intention to bring up for review upon such appeal said judgment and the decision of the referee.

*H. V. Borst,* for the appellants.

*Louis H. Hahlo,* for the respondents.

PARKER, J.:

The referee found that in September, 1890, a verbal agreement was entered into between plaintiffs and defendants, by which the former were employed as the selling agents of the latter for a period of one year from January 1, 1891; that the agreement for such year was fully kept and performed by both parties, and that without a modification of the original agreement, or a suggestion in that

direction by either of the parties, the plaintiffs continued to serve the defendants in the same capacity, and received 'therefor the same rate of compensation until February 25, 1892, when plaintiffs were discharged without cause. Upon this conduct of the parties the referee has based an inference of fact that the contract of employment was renewed for the period of one year from January 1, 1892, and has awarded to the plaintiffs the damages sustained by reason of their discharge.

His conclusion in such respect is in accord with the established rule where the employment is for a year's service at a yearly salary. (*Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Wallace* v. *Devlin*, 36 Hun, 275.) The same rule applies where the employment is by the year, the compensation to consist of commissions instead of a salary. (*Dean* v. *Woodward*, 52 Hun, 421.) Appellants' contention, that the general rule will not apply, because the contract of employment for 1891 was within the Statute of Frauds and void, is not well grounded. While the original contract was unenforcible so long as it remained executory, yet, when fully and voluntarily performed by both parties, its invalidity could no longer be asserted by either, and it afforded an adequate basis upon which to predicate an inference of fact as to the intention of the parties in proceeding, in accordance with its terms, upon a further term than that provided by it. (*Adams* v. *Fitzpatrick*, *supra*; *Hodge* v. *Newton*, 13 N. Y. St. Repr. 139.)

The finding of the referee to the effect that the first employment was for the year 1891, is challenged by the defendants. The evidence upon that subject is not so full as could be wished, but such as there is tends to and is sufficient to sustain the finding. One of the defendants said, on his direct examination, that the contract for plaintiffs was for the year 1891. On cross-examination he said that his testimony referred to the contract set up in his answer as the contract made for the year 1891. It is now urged that his evidence does not amount to an admission that the contract upon which plaintiffs have recovered was for the year 1891. But the suggestion is without force. Defendants had but one contract with the plaintiffs prior to the renewal contract. It was made in September, 1890, and both the complaint and answer referred to it, although differing as to its terms. It was while speaking of the terms of this

contract that defendants said it was for the year 1891. The record contains no evidence to the contrary.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.