Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449; Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; Kimmer v. Weber, 151 N. Y. 417, 45 N. E. 860, 56 Am. St. Rep. 630. The duty of the master with reference to such an appliance was fully performed when he had furnished competent and experienced persons to design and construct it, and a sufficient quantity of proper material with which to build it, and there is nothing in the case to justify an inference that the defendant had failed in either of these particulars. On the contrary, all the evidence upon the subject is to the contrary. If the collapse occurred from some careless omission on the part of the stage hands in bolting the structure together, as may have been the case, this was negligence of co-employés of the plaintiff, for which the defendant is not to be held liable, for this was a mere detail of the work, properly intrusted to plaintiff's fellow servants, for whose negligent performance the master is not responsible. Kimmer v. Weber, supra. The jury was properly instructed as to the extent of the defendants' liability, but their verdict was plainly against the evidence in the case.

The judgment and order appealed from must therefore be reversed, and a new trial granted, with costs to the appellant to abide the result.

CLARKE, J., concurs.   INGRAHAM. J., concurs in result.

HOUGHTON and LAUGHLIN, JJ., dissent.

---

### MASON v. NEW YORK PRODUCE EXCH.

(Supreme Court, Appellate Division, Second Department.   June 12, 1908.)

MASTER AND SERVANT—HIRING FROM YEAR TO YEAR.

> Under a contract of employment providing merely that the salary shall be $2,500 "for the first year," and $3,000 "for the second year and thereafter," if the services rendered during the first year are satisfactory, the hiring is from year to year, and not at will.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 8–10.]

Appeal from Trial Term, Kings County.

Action by Daniel A. Mason against the New York Produce Exchange. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

On January 4, 1904, the plaintiff, who had from 1899 until May 10, 1902, been in the employ of the defendant as first assistant engineer, applied to defendant's house committee for the position of chief engineer of the New York Produce Exchange Building. The application was general, and stated no length of time for which the employment was desired. The minutes of defendant's board of managers show the following action taken by its members:

"Superintendent reporting. the appointment of Daniel A. Mason as chief engineer to succeed the late engineer, Mr. James A. Connell, subject to the approval of the board, at the following terms, recommended by the house committee, viz.: That the salary for the first year be $2,500, and, if the chief engineer proves satisfactory to the authorities of the Exchange, that the remuneration for the second year and thereafter shall be $3,000 per annum; the chief engineer having house rent in the building free. On motion the report was received and the appointment confirmed."

On January 7, 1904, defendant's superintendent wrote plaintiff the following letter:

"Dear Sir: At a meeting of the board of managers held this day you were appointed chief engineer of the Exchange, with house rent in the building free, at a salary of $2,500 for the first year, and, if your services prove satisfactory to the authorities of the Exchange, your remuneration for the second year and thereafter will be $3,000 per annum. Kindly acknowledge receipt of this advice and oblige. Yours truly,        L. B. Howe, Superintendent."

The plaintiff commenced work under his appointment on the same day the resolution was adopted and he notified, viz., on January 7, 1904. On the next day he sent the following letter to the superintendent:

"New York, January 8, 1904.

"Mr. L. B. Howe, Superintendent New York Produce Exchange, New York City—Dear Sir: I beg to acknowledge the receipt of your letter of January 7, 1904, advising me of my appointment as chief engineer of the Exchange. I accept the appointment according to the terms stated in your letter, and shall endeavor to perform the duties of the position to the best of my ability, and_I trust in a manner satisfactory to the authorities of the Exchange.

"Very truly yours,                                    D. A. Mason."

The plaintiff remained in the employ of the defendant under this contract until August 1, 1906, when he was discharged. The first year he was paid a salary of $2,500, the second year $3,000, and for that portion of the third year which he worked, viz., from January 7th to August 1st, at the rate of $3,000 per year. This action is brought to recover, as damages, the salary accruing between August 1, 1906, and January 7, 1907, at the rate of $3,000 per year, less earnings of $385.81, upon the theory that the hiring was from year to year.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

John Willett, for appellant.

William H. Wadhams (Marshal C. Bacon, on the brief), for respondent.

RICH, J. Upon the trial and at the end of plaintiff's case the learned trial justice granted defendant's motion to dismiss the complaint, saying:

"I hold that this was a hiring at will, and the defendant had a right to terminate the hiring at any time, and I grant the motion."

From the judgment accordingly entered, this appeal is taken.

There being no technical or obscure phrases or latent ambiguities in the contract of employment, its interpretation was a question of law for the court, and the only question necessary for consideration here is whether the law sustains the construction given it by the learned trial justice. Does the contract establish a hiring for a fixed and definite period? The decisions in all of the cases cited by counsel for the defendant are based upon language which could not by any fair interpretation be held to constitute employment for a fixed or definite term, and the rule of law that hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, which the employer might at any time terminate without liability for so doing, is applied. The record here presents entirely different language, to which the authorities cited are not applicable. It has been held that the use of the following words in defining terms of employment: "for the period of one year from January 1, 1891," "for one year from

May 1, 1891," to "inspect * * * sewers authorized to be constructed within a year from the date of the letting of the contract," "for one year's services from the date of this agreement," and "for the period from January 1, 1897, to December 31, 1897"—constituted contracts for a fixed and definite term. Ball v. Stover, 82 Hun, 460, 31 N. Y. Supp. 781; Lichtenhein v. Fisher, 87 Hun, 397, 34 N. Y. Supp. 304; Potter v. City of New York, 59 App. Div. 70, 68 N. Y. Supp. 1039; Hotchkiss v. Godkin, 63 App. Div. 468, 71 N. Y. Supp. 629; Treffinger v. Groh's Sons, 112 App. Div. 250, 98 N. Y. Supp. 291, affirmed without opinion 185 N. Y. 610, 78 N. E. 1114. The rule is well established that an agreement for the first year as a fixed and definite period, at an annual salary, is renewed from year to year by continuance in the service without change in the terms of the employment, and obligates the employer to retain the employé in service full years. Baker v. Appleton & Co., 107 App. Div. 358, 95 N. Y. Supp. 125. The contract under consideration provides for the payment of a salary of $2,500 "for the first year," and $3,000 "for the second year and thereafter," if the services rendered during the first year were satisfactory. No distinction exists between the effect of the words "for the first year" and "for the second year," used in this contract, and the words "for one year" or "for a year," used in the contracts construed in some of the cases cited. I am satisfied that the legal effect of the words used constituted a hiring from year to year.

The defendant contends that the words "if your services prove satisfactory to the authorities of the Exchange" apply to the term of hiring, and gave the defendant the right to discharge plaintiff at any time if his services were not satisfactory, thus making the hiring for an indefinite period. This contention cannot be sustained. The words quoted apply only to the amount of compensation to be paid after the first year. Under the contract the defendant was obligated to retain the plaintiff in its employ until the completion of the term of his employment, and if his discharge was unauthorized and wrongful the defendant is liable for the damages the plaintiff sustained as the result thereof.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.