NORRIS W. BROWN, Plaintiff, *v.* THE ACTORS' FUND OF AMERICA, Defendant.

(Supreme Court, New York Trial Term, May, 1918.)

Contracts — renewal of — evidence — corporations — trial — verdict.

The presumption of a renewal of a yearly contract of employment by holding over is one of fact based on an implied agreement.

The authority of all the officers of a charitable or nonbusiness corporation to bind it by contract must be specifically proved.

Where in an action to recover damages for wrongful discharge plaintiff claimed a renewal of a contract of employment

for a year by a holding over with the consent and acquiescence of the president of the defendant, a domestic corporation organized for charitable purposes, but offered no evidence that said president was authorized to renew the contract, motions to dismiss and to direct a verdict for defendant reserved at the trial will be granted upon setting aside the verdict in plaintiff's favor.

ACTION for damages for wrongful discharge.

F. W. Garvin, for plaintiff.

David Gerber, for defendant.

PENDLETON, J.   Plaintiff sues for damages for wrongful discharge. To prove the employment he claims a renewal of the old contract for a year by holding over with the consent and acquiescence of defendant. The presumption or inference of a renewal of a yearly contract by holding over is one of fact, based on the presumed intent of the parties — an implied agreement. *Adams* v. *Fitzpatrick,* 125 N. Y. 124; *Mendelson* v. *Bronner,* 124 App. Div. 396. Plaintiff says that Frohman, defendant's president, told him to keep right on working, and gave him letters to people. "He said to go on working; that I would be taken care of as I had always been working on the same conditions. * * * I told Frohman and Klaw that I was working under my existing contract; that Frohman had told me to keep on working, and I intended to work, and if I was not allowed to work I would sue." He testified further that Mr. Frohman called him up a day or two after and asked if he was working, and he replied " most assuredly I was working and I went to his office several times after that on different matters." It is quite clear that plaintiff's claim to a renewal is based on the consent or acquiescence of Mr. Frohman,

defendant's president. This is in effect a new contract made by defendant's president. Defendant is a corporation organized under special charter of the state of New York for charitable purposes. In the case of charitable or non-business corporations, differing from business or trading corporations, the authority of all the officers to bind the corporation is not presumed and must be specifically proved. *People's Bank* v. *St. Anthony's R. C. Church*, 109 N. Y. 512; *Karsch* v. *Pottier & Stymus Mfg. & I. Co.*, 82 App. Div. 230; *Westchester Mortgage Co.* v. *McIntire, Inc.*, 174 id. 446; *Columbia Bank* v. *Gospel Tabernacle Church*, 127 N. Y. 361; *St. Vincent College* v. *Hallett*, 201 Fed. Repr. 471. No evidence of such authority was offered by plaintiff, and on defendant's evidence it fairly appears that, under the charter and by-laws, the president had no such power, and that there was no specific authorization or notification by the trustees of the executive committee, who alone controlled the affairs of the corporation, and they had no notice of and hence could not consent to or acquiesce in plaintiff's alleged holding over. Decision on the motions to dismiss and to direct a verdict for defendant were reserved at the trial, and must now be granted. Verdict set aside and complaint dismissed. It is unnecessary to consider the other questions argued.

Judgment accordingly.