EDWARD F. LONSDALE, Appellant, v. J. A. MIGEL, INC., Respondent.

Second Department, December 23, 1927.

Master and servant — contract of employment — action to recover damages for wrongful discharge — complaint alleges oral agreement made in June to continue existing contract of employment for one year to commence following January first — defense of Statute of Frauds was added at trial when it appeared that said agreement was in parol — plaintiff now contends that conversation in June related only to increased compensation and that having continued to work after January first, implied contract for one year arose — theory of plaintiff's pleading is existence of express contract — contract is unenforcible under Statute of Frauds — plaintiff did not have right to have question submitted with respect to services for January and February, for complaint is not to recover unpaid wages.

The plaintiff sues to recover damages for wrongful discharge. In the second cause of action it is alleged that the plaintiff had been employed by the defendant for about two years prior to a conversation held in June; that at that conversation it was agreed that the employment should continue for one year at an increased compensation commencing the following January first. On the trial the defendant was permitted to add the defense of the Statute of Frauds, since it appeared subsequently to the service of the answer that the second cause of action rested in parol. While the plaintiff's theory as contained in the pleadings and as developed on the trial was that there existed an express contract, he sought on appeal, in order to overcome the effect of the Statute of Frauds, to abandon the theory of his pleading and to sustain his right to recover on the theory that having worked after January first a new contract arose by implication of law to continue for the following year. The plaintiff will not be permitted to abandon the theory of his complaint as based upon an express contract made in June and recover on the theory of an implied contract arising from a continuation of his service after the completion of his prior contract.

While an agreement for increased compensation may properly attach to an implied contract that has arisen, such an agreement cannot be made prior to the time when the law implies the existence of the contract.

The contention by the plaintiff that his testimony on cross-examination is contradictory of what he testified to on direct examination and that, therefore, a question of fact was presented for the jury, cannot be sustained, for his testimony on cross-examination is consistent with his direct testimony although it is broader and supplements and enlarges what he testified to on his direct examination.

The express contract made in June, being oral, was void under the Statute of Frauds, since it could not be performed within one year, and that contract

could not be validated by part performance thereof during which time the plaintiff was paid a monthly salary for services rendered.

The plaintiff did not have the right to have submitted to the jury under the second cause of action the question of unpaid salary during the months of January and February, for the action is not to recover unpaid salary but to recover damages for wrongful discharge.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 9th day of November, 1926.

*Jerome Steiner,* for the appellant.

*Bernard Hershkopf* [*I. Gainsburg* with him on the brief], for the respondent.

CARSWELL, J. The complaint sets out two causes of action. The first alleges that the plaintiff was in the employ of the defendant under a renewal contract of employment running from January 1 to December 31, 1925, the terms of which contract obligated the defendant to pay plaintiff $25,000 per year, payable in monthly installments of $1,250, and a balance of $10,000 on December 31, 1925; that the defendant paid the monthly installments, but that there was left unpaid the sum of $10,000, due December 31, 1925.

The answer denied the making of this contract but admitted the payment of the monthly installments, aggregating $15,000 for that year.

This issue of fact was decided by the jury in favor of the defendant. No claim is made of error with respect to the first cause of action. Error is claimed with respect to the second cause of action. The view I take of the question relating to the second cause of action makes unnecessary further consideration of the first cause of action.

The second cause of action realleges seven of the eight paragraphs of the first cause of action, the substance of which has just been stated, with the omission of allegations covering the making of a written contract from January 1, 1923, between plaintiff and defendant relating to plaintiff's services and the renewal thereof each year (with salary modifications) by acquiescence of both parties from time to time down to and including December 31, 1924, and the allegation that all payments due from the defendant thereunder were paid to the plaintiff.

The plaintiff then alleges in paragraph 10:

" *Tenth.* That thereafter, on or about June 18, 1925, plaintiff and defendant did, by mutual consent and by acquiescence, agree that the aforesaid contract of employment be continued and extended for a period of one year from January 1, 1926, to December 31, 1926, except that the compensation to be paid to the plaintiff

by the defendant for such services so to be rendered was to be the sum of Thirty thousand Dollars ($30,000) per annum, payable in equal monthly installments of Twelve hundred fifty Dollars ($1250) per month, and the balance of Fifteen thousand Dollars ($15,000) on December 31, 1926."

There is then alleged in paragraph 11 that the plaintiff duly performed; in paragraph 12, that on March 5, 1926, the defendant wrongfully discharged the plaintiff; and in paragraph 13 there is, under the second cause of action, an allegation of damages in the sum of $28,750.

The answer denies the making of this contract alleged in the second cause of action and, as an affirmative defense, it alleges that the plaintiff's employment was from month to month, terminable at the end of any month by either party, and that on February 27, 1926, the employment was terminated by notice from the defendant to the plaintiff and by consent of the parties.

The only other defense which need be considered is one, added at the trial, of the Statute of Frauds, which was allowed, since it appeared, subsequently to the service of the answer, that the second cause of action rested in parol.

It seems that on January 1, 1923, the plaintiff was hired by the defendant under a written contract to act as general salesman and manager for one year at $15,000 a year, payable in monthly installments of $833.33, and the balance of $5,000 on December 31, 1923, which contract was fully performed; that by mutual consent the parties continued and extended that contract for one year with an increase in salary to $20,000 with payments in monthly installments of $1,250, and on December 31, 1924, $5,000. This contract was performed by both parties. The claim of the plaintiff is that the plaintiff and defendant similarly extended this 1924 arrangement for another year from January 1, 1925, as has already been indicated, at a salary of $25,000 a year. The issue of fact as to this arrangement for compensation for 1925, based on a June 18, 1925, talk, was determined in favor of the defendant by the jury, which accepted the defendant's version of the 1925 arrangement as to salary. The decision of the claim of a month to month employment was not essential to disposing of the first cause of action by the jury. The decision of the 1925 salary question was dependent upon the view to be taken by the jury as to two conversations between the plaintiff and the defendant's officer Migel, one of which conversations was claimed to have occurred in December, 1924, just before the beginning of 1925, and the other in June, 1925, six months after the beginning of the contract for 1925, alleged by the plaintiff. This is more clearly stated in the charge

of the trial court. It thus appears that the plaintiff's version of the June, 1925, conversation has been rejected by the jury. This is important to consider only in connection with the justice of the view to be taken of the second cause of action, which is up for consideration, by reason of the dismissal of it by the court at the close of the plaintiff's case, since that same June, 1925, conversation is the crux of plaintiff's second cause of action.

The appellant claims that under the portion of the proof he invokes there arose, by implication of law, a contract of employment from January 1, 1926, to December thirty-first, based upon a continuation of the relationship of employer and employee growing out of an agreement or an implied contract for the one year preceding January 1, 1926; and that a certain conversation on June 18, 1925, related solely in legal effect to changing or increasing the compensation for 1926, and that that conversation, although increasing compensation, was not itself a contract. He cites certain cases which recognize that a contract of renewal for one year may arise by implication of law following a definite contract for the preceding year, and insists he comes within these cases. Plaintiff recognizes that his pleading is in the nature of an express' oral agreement arrived at on June 18, 1925, for a period to begin January 1, 1926, but insists that the portion of the proof he invokes should be considered dissociated from his pleading so as to sustain a recovery on an implied contract and thus avoid the Statute of Frauds.

The defendant accepts the doctrine of the cases plaintiff relies upon, urging, however, that such an implied contract for one year does not arise where the preceding term is greater than one year on the basis of express contract, and likewise that that would be so where the preceding term was less than for one year. It also insists that as a matter of pleading the plaintiff has relied upon an express contract, which, being oral, is invalid, made on June 18, 1925, for a period of one year beginning January 1, 1926, and with compensation different from that claimed to have been agreed upon in the same conversation for the year 1925.

An examination of the cases sustains the respondent's view and its contention with respect to the effect of the express contract respecting compensation is sound within the authorities.

The second cause of action was for damages, and it was upon an express agreement (complaint, ¶ 10) claimed to have been entered into " on or about June 18, 1925, * * * by mutual consent and by acquiescence," whereby the plaintiff and defendant did " agree that the aforesaid contract of employment be continued and extended for a period of one year from January 1, 1926, to

December 31, 1926," except that the compensation should be $30,000 per annum, with $1,250 monthly payments and a $15,000 lump payment on December 31, 1926.

It has been held (*Ætna National Bank* v. *Fourth National Bank*, 46 N. Y. 82, 86): "The law will not imply a promise as a substitute for, or in addition to the express contract of the parties." And it is further held that express contracts preclude the arising of implied contracts covering the same subject-matter. (*Miller* v. *Schloss*, 218 N. Y. 400, 406; *Walton Water Co.* v. *Village of Walton*, 238 id. 46, 52.)

In *Kreitner* v. *Burgweger* (174 App. Div. 48, 51) it was said: "The existence of a specific contract cannot be reconciled with that of an implied contract involving the same elements. The two conceptions are antagonistic and all services performed while the specific contract exists must be conclusively presumed to have been performed thereunder."

The theory of the plaintiff's pleading was an arrangement or agreement *made on June 18, 1925*, with respect to the period from January 1, 1926, to December 31, 1926, and that the compensation differed from that applying to the year in the middle of which the alleged agreement was made, to wit, 1925. The plaintiff insists: "Therefore, to determine whether plaintiff was relying upon an express agreement rather than an implied agreement, his testimony only need be considered." Plaintiff claims that his proof is to control and not the manner of his pleading. He points out certain testimony as supporting the claim that there was a preceding arrangement or implied agreement existing for the year 1925, which in turn was impliedly renewed for the year 1926 by reason of the conduct of the parties in continuing after January 1, 1926, in the relation of employer and employee.

The testimony cited may, upon a strained view, be susceptible of the construction plaintiff makes, *i. e.*, that it is consistent with the claim that although talks took place on June 18, 1925, between the defendant and the plaintiff, such talks had nothing to do with anything but a change in compensation which later was contained in a contract which, by implication of law, did not come into being until January 1, 1926. But this new element could not incorporate itself into the implied agreement which could not and did not arise until six months later, except on the basis of agreement or contract made June 18, 1925, which time of making invalidates it, since the talk in reference to compensation was not repeated after January 1, 1926, after the implied contract for one year could be said to have arisen.

The plaintiff ignores testimony which is in keeping with plaintiff's

pleading of an oral contract made on June 18, 1925, and which, while not contradictory of the testimony he invokes, enlarges and supplements it and establishes that the arrangement plaintiff sues upon was in fact an express contract made on June 18, 1925. That testimony was brought out on cross-examination. The plaintiff claims that this testimony on cross-examination is contradictory of what the plaintiff testified to on direct examination, and that, therefore, a question of fact is presented for a jury as to which testimony is to be accepted — that given on the direct or that given on the cross-examination. This, however, is not so. The testimony is not contradictory. What was given on cross-examination is consistent with what was given on direct examination although it is broader, and, therefore, supplements and enlarges what was testified to on direct. The difference presents no question of fact for a jury — this because, in any event, an express contract was claimed to have been made between the parties with respect to compensation on June 18, 1925, which under the cases precludes the arising of any implied contract covering the same elements or subject-matter for the period from January 1, 1926, to December 31, 1926; and this express contract on June 18, 1925, being oral, was void under the Statute of Frauds (Pers. Prop. Law, § 31), since it could not be performed within one year of the time of the making thereof. Of course, it could not be validated by part performance, and in this case it appears that the plaintiff was paid a monthly salary during the period of time he actually rendered services.

The cases which plaintiff cites are wholly consistent with the disposition made by the trial court. They relate to situations where an employee is continued in employment under an express contract for a year's employment and the employer permits the employee to continue working after the beginning of the ensuing year. In such an instance the law implies, as a proper inference of fact, that the employment is to continue for another year; but this implication of fact arises *after* the beginning of the new year, and that is what happened in each of the cases plaintiff cites. The question of added compensation in the cases he cites is covered by talks transpiring *after* the beginning of the year respecting a new salary basis, and thus became incorporated in the term implied by law. (*Ball* v. *Stover*, 82 Hun, 460.) None of the cases he cites are concerned with an arrangement to increase the salary based *solely* on conversations claimed to have been had before the beginning of the new year of employment.

The appellant seeks to have this court disregard his complaint and the theory of it, and confine itself wholly to the testimony,

but of course this may not be done. The testimony followed the theory of the complaint, and that testimony was wholly consistent with the part of the testimony plaintiff is invoking upon a theory of implied contract, which theory was not seemingly advanced at the trial and is presented apparently for the first time on appeal. At the trial he pleaded and sought to prove an express contract, and upon appeal he now seeks to invoke an implied contract, therefore, an entirely different contract, for the same period of time. This he may not do.

It was held in *Schott* v. *La Compagnie Generale* (52 Misc. 236, 238) that an agreement for an increase of salary, made between the parties, creates a new contract. There it was held that no contract for one year was implied by law from the mere continuing in the employment, because the express contract for the preceding period was for two years. It is, of course, claimed by the plaintiff here that the preceding period related to a renewed contract of one year, and that, therefore, an implication for the additional one year could follow, which would be in accordance with the authorities if there had not been a claim of or a reliance upon an express contract, which precluded an implied contract arising with respect to the same subject-matter.

In *Brown* v. *Actors' Fund of America* (103 Misc. 578, 579; affd., 190 App. Div. 908) it was held that an implied contract for another year did not arise from the continuance of the relationship, following an express contract for the preceding year, because of testimony of a transaction with the defendant's officer, which transaction the court held to constitute in effect a new contract and which prevented the arising of a contract by implication of law, and this new contract was futile to support the claim of the plaintiff therein.

In *Brightson* v. *Claflin Co.* (180 N. Y. 76) an employee having a written agreement for five years sought to recover for a further period, upon the same terms and conditions, on the theory of renewal growing out of the holding over of the employee by the employer. It was there held that no such recovery could be had, the court reiterating the rule that " Where there is a hiring for one year and the servant continues in the employment after the expiration of the year with the consent of the master, this effects a hiring for another year. (*Adams* v. *Fitzpatrick*, 125 N. Y. 124.) "

It is further claimed by the plaintiff that, in any event, the question should have been submitted to the jury under the second cause of action with respect to his claimed services rendered in January and February, and his claim of wrongful discharge in March, 1926. He admitted he had been paid for the month of January. However, this claim is untenable because the second

cause of action was not based upon any theory or claim for unpaid wages — it was an action for damages, and an action for wages during the year 1926 would have to be separately pleaded as a separate cause of action. This was not done. Such a claim for wages earned was separate and distinct from the action for damages covered by the second cause of action, which was dismissed by the court. This is so under *Crotty* v. *Erie Railroad Co.* (149 App. Div. 262, 265), where it was said: " This is not an action for wages earned under a contract, but for damages for the breach thereof. These causes of action are distinct and independent."

Of course, this claim may not be asserted for the first time upon an appeal.

The action of the trial court in dismissing the second cause of action was, in my opinion, correct.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., RICH, KAPPER, SEEGER and CARSWELL, JJ.

Judgment unanimously affirmed, with costs.