AL SHENN, Respondent, *v.* FAIR-TEX MILLS, INC., et al., Appellants.

First Department, October 20, 1966.

*Sidney Fox* for appellants.

*Harry E. Cohen* for respondent.

*Per Curiam.* This appeal is from an order entered January 14, 1966, which denied defendants' motion to dismiss the complaint.

Plaintiff seeks damages for the amount of unpaid salary from April 9, 1965, the date of his alleged wrongful discharge, to October 31, 1965, the date plaintiff claims his contract of employment expired, and an accounting for commissions from November 1, 1964, to and including October 31, 1965.

The complaint alleges that plaintiff and defendant Fair-Tex Mills, Inc. (herein Fair-Tex) entered into a written contract of employment August 22, 1958, whereby plaintiff was employed by Fair-Tex as a salesman for a period up to and including October 31, 1959, at a weekly salary of $200 plus 1% commission

on sales. The agreement is attached to and made a part of the complaint. Plaintiff alleges that at the expiration of the term he continued in the employ of Fair-Tex " without any new express agreement  *  *  *  on the same terms and conditions " and by reason thereof an agreement was created between the parties for plaintiff's employment for one year. The complaint continues that there were like annual renewals in 1961, 1962, 1963 and 1964 except that in 1964 his weekly salary was increased to $300 though the commission remained the same. After plaintiff's discharge on April 9, 1965, he commenced this action. He claims that in each year set forth, including the year involved in this suit, there was an implied renewal of his contract of employment for one year, and that he is entitled to salary from the date of discharge to October 31, 1965, and to commissions as stated.

The general rule is that where one enters the employment of another for a fixed period at a stated annual salary, and the employment continues beyond that period, the presumption is continuance of the relationship for another year at the same salary (*Adams* v. *Fitzpatrick,* 125 N. Y. 124; *Mason* v. *New York Produce Exch.,* 127 App. Div. 282, affd. 196 N. Y. 548). In the *Adams* case, the court quoted with approval from Story on Contracts " But when wages are payable at a stipulated period, as per week, or month, or half year, such circumstances, standing alone, indicate that the hiring is for such a period " (*Adams* v. *Fitzpatrick, supra,* p. 129). Nor is *Carter* v. *Bradlee* (245 App. Div. 49) cited by respondent, to the contrary. In that case plaintiff was employed for a fixed period, at a stated annual salary payable monthly.

In the case before us there is no provision for a fixed annual salary, merely a fixed weekly salary. The written agreement upon which plaintiff relies expressly provided that it could not be modified orally, that no oral agreement, understanding, etc., could bind Fair-Tex unless in writing. Such agreement by its terms expired October 31, 1959. The contention that the contract might be considered as " equivalent to a general hiring, which means from year to year " (see *Adams* v. *Fitzpatrick, supra,* p. 127) is rejected both because of the absence of a fixed annual salary and because of the inclusion of a specified weekly salary only, plus commissions. Nothing is shown to warrant an inference of fact or implication of law that there was an annual contract.

The order appealed from should be reversed on the law, the motion to dismiss the complaint granted, with costs and disbursements to appellants, but with leave to respondent, in the

exercise of our discretion, to apply to Special Term for leave to serve an amended complaint if plaintiff is so advised, as to the existence of a contract for one year.

BREITEL, J. P., McNALLY, STEVENS and CAPOZZOLI, JJ., concur.

Order, entered on January 14, 1966, unanimously reversed, on the law, with $50 costs and disbursements to the appellants, and defendants' motion to dismiss the complaint granted, with $10 costs, with leave, however, to respondent, in the exercise of discretion, to apply at Special Term for leave to serve an amended complaint if respondent is so advised, as to the existence of a contract for one year.